UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RONALD JAMES WILLUT,

           Plaintiff,

v.                                        Case No. 23-CV-223

NITA MARIE BATRA HEUER,

           Defendant.

## ORDER

Ronald James Willut alleges that Nita Marie Batra Heuer violated the Seventh and Fourteenth Amendments by obtaining a quit claim deed with respect to certain property. (ECF No. 1 at 2.) He asks the court to order Heuer to return the subject property to him. (ECF No. 1 at 3.)

Subsequent filings help to provide a bit of context to this dispute. Janet M. Willut died on August 1, 2012. (ECF No. 12 at 2.) In her will she left a life estate in the subject property to her husband, the plaintiff. (ECF No. 12 at 3.) The remainder interest was left to defendant Heuer, her daughter. (ECF No. 12 at 3.) On August 29, 2012, Ronald Willut appears to have signed a quit claim deed transferring the subject property to Heuer. (ECF No. 1-1.)

Heuer answered the complaint (ECF No. 5) and disputed the existence of subject matter jurisdiction.

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'rs, Local 150 v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). This means that under the Constitution and federal statutes, federal courts can hear only certain types of disputes or disputes under certain circumstances. *Id*. The plaintiff, as the party seeking to invoke federal jurisdiction, has the burden to prove that his case is properly in federal court. *Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 651 (7th Cir. 2006).

A federal court may resolve a dispute when the claim involves citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. This provision is inapplicable here because both the plaintiff and the defendant are citizens of Wisconsin. (ECF No. 1 at 1-2.) A federal court may also resolve a case when the claim involves a matter of federal law. 28 U.S.C. § 1331. This includes claims of violations of the constitution under 28 U.S.C. § 1983. This is the basis for the plaintiff's claim. (ECF No. 1 at 3.) Specifically, he refers to the Seventh and Fourteenth Amendments to the Constitution. (ECF No. 1 at 3.)

The Seventh Amendment does not provide a cause of action for a constitutional tort. It merely guarantees the right to a jury trial with respect to certain actions brought in federal court.

Rights under the Fourteenth Amendment, however, are enforceable under 28 U.S.C. § 1983. But the Fourteenth Amendment, in relevant part, proscribes only the conduct of states. U.S. Const. amend. XIV, § 1 ("No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.") Likewise, § 1983 permits suits only when a person acts under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" (quoting *Blum* v. *Yaretsky*, 457 U.S. 991, 1002 (1982)).

The court scheduled a conference for April 13, 2023, and intended to address the issue of subject matter jurisdiction with the parties at that time. The plaintiff failed to appear. Therefore, the court will give the plaintiff a final opportunity to show cause why this action should not be dismissed for lack of subject matter jurisdiction.

No later than **April 28, 2023**, the plaintiff shall show cause why this action should not be dismissed for lack of subject matter jurisdiction.

The defendant may respond no later than **May 12, 2023**.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 13th day of April, 2023.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge