UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RONALD JAMES WILLUT,

    Plaintiff,

v.               Case No. 23-CV-223

NITA MARIE BATRA HEUER,

    Defendant.

---

## ORDER

 Janet M. Willut died on August 1, 2012. (ECF No. 12 at 2.) In her will she left a life estate in certain property to her husband, Ronald James Willut, the plaintiff. (ECF No. 12 at 3.) Janet Willut left the remainder interest in the subject property to her daughter, Nita Marie Batra Heuer, the defendant. (ECF No. 12 at 3.)

 On August 29, 2012, Ronald Willut appears to have signed a quit claim deed transferring the subject property to defendant Heuer. (ECF No. 1-1.) In the complaint Willut alleges that Heuer, by obtaining the quit claim deed, violated the Seventh and Fourteenth Amendments. (ECF No. 1 at 2.) Heuer answered the complaint and disputed the existence of subject matter jurisdiction. (ECF No. 5 at ¶ 4.)

Following an April 13, 2023, scheduling conference—which Willut failed to attend—the court issued an order requiring Willut to "show cause why this action should not be dismissed for lack of subject matter jurisdiction." (ECF No. 16 at 3.) On April 19, 2023, Willut responded to the court's show-cause order, stating that he had "already addressed the issue of subject matter jurisdiction on 3/21/23" (ECF No. 17 at 1), and attached a separate document titled, "Plaintiff's Subject Matter Jurisdiction" (ECF No. 17-1). Under the heading, "14th Amendment Due Process Clause," Willut explains that he "has been deprived of property without a fair and reasonable procedure and/or substantive process concerning property interest and ownership because of the arbitrary and/or illegal 'life title.'" (ECF No. 17-1 at 1.)

As explained in the court's show-cause order, rights under the Fourteenth Amendment are enforceable under 28 U.S.C. § 1983. However, the Fourteenth Amendment's Due Process Clause—Willut's purported basis for subject matter jurisdiction (ECF No. 17-1 at 1)—proscribes only the conduct of states. U.S. Const. amend. XIV, § 1 ("No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."). Likewise, § 1983 permits suits only when a person acts under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("Like the state-action requirement of the Fourteenth Amendment, the

under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982))).

Willut does not allege that Heuer was acting under color of state law when she obtained the quit claim deed. (ECF No. 1.) And Heuer alleges in her answer that "she engaged in no 'State Action' and could not have violated [Willut's] Constitutional Rights as a private citizen." (ECF No. 5 at ¶ 3.) As such, this court is without jurisdiction under 28 U.S.C. § 1331, and Willut's action must be dismissed.

**IT IS THEREFORE ORDERED** that the action be **dismissed**, without prejudice, for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that Willut's motion to compel (ECF No. 10) and his motion for relief (ECF No. 11) are **dismissed as moot**.

Dated at Milwaukee, Wisconsin this 24th day of April, 2023.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge